**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| Greeley Flats, DST, ) | Case No. 24-11573-KHT |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 PLAN OF GREELEY FLATS, DST**

The United States Trustee ("UST"), by and through his undersigned counsel, hereby objects to the adequacy of the Disclosure Statement in Support of Chapter 11 Plan of Greeley Flats, DST (Docket No. 70, the "Disclosure Statement"). As his Objection, he states and alleges as follows:

1. The above-captioned Debtor filed its voluntary petition for relief under chapter 11 of title 11, United States Code, on April 3, 2024.

2. An Official Committee of Unsecured Creditors has not been appointed in this case.

3. On July 2, 2024, the Debtor filed its Chapter 11 Plan of Greeley Flats, DST (Docket No. 69, the "Plan"). Also on July 2, 2024, the Debtor filed its Disclosure Statement to accompany the Plan.

Objection

4. The UST objects to the Disclosure Statement because it does not provide adequate information as required under 11 U.S.C. §1125(a). *See Hall v. Vance*, 887 F.2d 1041 (10th Cir. 1989).

5. Section 1125 of the Bankruptcy Code defines adequate information as information that would enable a reasonable investor, typical of holders of claims in the relevant class, to make an informed judgment about the plan. This is information that is reasonably ascertainable in light of the nature and history of the debtor and the condition of the debtor's books and records. *In re Aspen Limousine Service, Inc.*, 193 B.R. 325 (D. Colo. 1996). Case law has given rise to certain criteria to aid the Courts in evaluating the sufficiency or the adequacy of disclosure statements. *In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984); *In re Stanley Hotel, Inc.*, 13 B.R. 926 (Bankr. D. Colo. 1981).

6. The Disclosure Statement does not contain adequate information of a kind, and in sufficient detail, to enable a reasonable investor to make an informed decision about the Plan as required by 11 U.S.C. § 1125 for the following reasons:

1

7. The Disclosure Statement describes the Plan, but neither sufficiently describes a "plan;" that is, a course of action. The Debtor will either sell its real property pursuant to unspecified procedures, in which case unsecured creditors might be paid some amount, or the Debtor will refinance its principal secured debt with a loan in some amount, in which case unsecured certain creditors might be paid some amount or, perhaps, their claims will be reinstated. The Disclosure Statement does not estimate a recovery for unsecured creditors presumably because the mechanism for paying claims is so unclear.

8. For a sale, the Disclosure Statement generally contemplates that there will be deadlines and procedures for a sale and auction process that will be contained in a confirmation order. The Debtor should instead propose sale and auction procedures and deadlines now so that creditors will know whether to support a plan containing those specifics. Similarly, the Plan's definitions reference a "Restructuring Support Agreement," which is not described elsewhere in the Plan or Disclosure Statement. *See* Plan at p. 6, definition 43. To the extent there will be other documents governing the sale process or restructuring, those documents should be provided to creditors with any approved disclosure statement soliciting their votes.

9. For a refinancing, the Debtor does not describe how it will determine the amount of any loan that would be used to refinance secured debt. It is also unclear whether the Debtor would intend either to pay unsecured claims <u>in full</u> from the proceeds of a refinancing or reinstate their debts to be paid in the ordinary course. *See* Disclosure Statement at Art. IV.D.3. on p. 13; *see also* Art. IV.E.2.C. on p. 17.

10. The Disclosure Statement does not explain the consequences of the Debtor not selling the property or refinancing secured debt by the "Outside Transaction Deadline."

11. Towards the outset, the Disclosure Statement contains about three pages of disclaimers, but the disclaimers are too broad:

   a. The second full paragraph on page 2 states that the information in the Disclosure Statement "should not be relied upon in making investment decisions with respect to the Debtor." Any creditor reading the Disclosure Statement should be able to rely upon the information therein in determining how to vote on the Plan.

   b. The third full paragraph on page 3 states the Debtor's position that the Disclosure Statement may not be construed as an admission of fact. To the contrary, the Disclosure Statement contains a variety of factual statements by the Debtor from information in the possession of the Debtor that parties in interest should be able to rely upon.

12. In the third paragraph of page 2, the Debtor references having as assets "an account and note receivable." These assets should be explained.

13. The same paragraph references ordinary course trade debt. While the bar date has not yet occurred, the Debtor should explain and attempt to quantify its unsecured debts. This is particularly true given that, historically, the Debtor has had a single tenant (an affiliate), which in

turn subleased the property to individuals and engaged a different affiliate to manage the property. The Debtor should explain who its actual creditors are.

14. Article II.B.4. on page 8 describes the Weld County Treasurer's claim in the amount of $55,843.66 as a Class 2 priority claim. Article IV.D.2. states that the Debtor is unaware of any holders of Class 2 priority claims.

WHEREFORE, the United States Trustee requests that this Court not approve the Disclosure Statement for the reasons set forth above. The UST requests such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 12, 2024.               Respectfully submitted,

                                      PATRICK S. LAYNG
                                      UNITED STATES TRUSTEE

                                      /s/ Alan K. Motes
                                      By: Alan K. Motes, #33997
                                      Trial Attorney for the U.S. Trustee
                                      1961 Stout Street, Suite 12-200
                                      Denver, CO  80294
                                      (303) 312-7999
                                      (303) 312-7259 fax
                                      Alan.Motes@usdoj.gov


## CERTIFICATE OF SERVICE

I certify that on August 12, 2024, a copy of the UNITED STATES TRUSTEE'S OBJECTION TO DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 PLAN OF GREELEY FLATS, DST was served on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

- Attorney Thomas R. Fawkes, via CM/ECF

                                      /s/  Alan K. Motes